IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAUN MATZ,

                                              ORDER

                    Plaintiff,

                                         10-cv-668-slc[1]

       v.

RICHARD RAEMISCH, GREGORY GRAMS,
JANEL NICKEL, DR. MARTHA BREEN,
DR. VANDENBROOK, DR. KURT SCHWEBKE,
DR. NELSON, CPT. SEAN SALTER,
LT. LANE, LINDA FAIT,
C.O. TRAVIS BITTLEMAN, C.O. VASOS,
C.O B. NEUMAIER, JEFF HEISE and
JOHN AND JANE DOES 1 THRU 6,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Shaun Matz has filed a proposed complaint in which he alleges that the conditions of confinement at the Columbia Correctional Institution and the Green Bay Correctional Institution violate the Eighth Amendment and that various prison officials failed in their constitutional duty to protect him from acts of self harm. Accompanying his complaint is a motion for appointment of counsel.

---

[1] I assuming jurisdiction over this case for the purpose of this order.

1

Plaintiff's allegations are similar to those he raised in <u>Matz v. Frank</u>, 09-cv-653-slc (W.D. Wis.) and <u>Matz v. Frank</u>, 08-cv-491-slc (W.D. Wis.), regarding conditions at the Waupun Correctional Institution. In fact, plaintiff initially raised claims regarding the Columbia prison in case no. 08-cv-491, but Magistrate Judge Stephen Crocker concluded that joining the claims from different prisons violated Fed. R. Civ. P. 20. Dkt. #1. Plaintiff chose to proceed with his claims arising at the Waupun prison and dismiss those arising at the Columbia prison without prejudice to refiling them later. Dkt. #19. Both case no. 08-cv-491-slc and 09-cv-653-slc settled without a decision on liability.

Plaintiff's complaint in this case violates the Federal Rules of Civil Procedure. First, under Rule 8, plaintiff must provide a short and plain statement that gives notice of his claims. Plaintiff has failed to meet that standard because he includes almost no facts about the conditions of confinement at the Columbia prison. Rather, the majority of his allegations about prison conditions relate to Green Bay. In many instances, plaintiff lumps Columbia and Green Bay together without providing specifics for either prison. <u>E.g.</u>, Cpt. ¶ 25, dkt. #1 ("Mental health services at CCI and GBCI for segregated inmates were systematically inadequate.")

There is another problem with plaintiff's allegations regarding the Green Bay prison. He includes many allegations about that prison, but none of the defendants is a Green Bay official. Plaintiff cannot bring a claim for a constitutional violation unless he identifies the

2

individuals allegedly responsible for that violation.

One potential solution to the deficiencies in the complaint would be to file an amended complaint that includes more details about conditions at the Columbia prison and adds defendants from the Green Bay prison. Adding more detail about the alleged violations at the Columbia prison could fix the Rule 8 problem, but adding defendants from Green Bay would create a problem under Fed. R. Civ. P. 20. I explained to plaintiff in his previous cases that Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, the rule prohibits a plaintiff from joining many defendants in a single action unless (1) the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and (2) the plaintiff presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir.2007).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

3

Thus, if plaintiff chooses to file an amended complaint, he must limit his claims to those arising at *one* prison. He should not include allegations about both Columbia and Green Bay. If he wishes to challenge the conditions at both prisons, he must file a separate lawsuit.

Another potential problem with plaintiff's complaint is raised by the affidavit of Wade Rolf, which accompanies the complaint. Rolf says that he has "constructed the attached complaint on behalf of the plaintiff in this matter, with his consent, and have done so as I know that he suffers from serious mental health conditions that would interfere with and prevent him from completing such a complex task on his own." Rolf Aff., dkt. #4. In drafting the complaint, Rolf says that he relied on plaintiff's "disorganized account" and statements from another prisoner, Raymond Kelly, who said, according to Rolf, that he "witness[ed] many of the things that the plaintiff had described."

Rolf's affidavit raises the question whether plaintiff truly wishes to prosecute another lawsuit immediately after he resolved two other cases. Rolf admits that he drafted the complaint and that some of it came from a source other than plaintiff. In fact, Rolf says that he "would have been unable to construct this complaint" without "the additional information provided by Raymond Kelly." Rolf says that plaintiff has reviewed the complaint and "seems to understand" it, but it is not clear what that means or how Rolf came to that conclusion.

4

Rolf is not in the position to file a suit on plaintiff's behalf unless he does so at plaintiff's direction and with plaintiff's full understanding and consent. Accordingly, if plaintiff chooses to file an amended complaint, he must also file an affidavit with the court in which he assures the court that he wishes to proceed with this case and that all the allegations in the amended complaint reflect his actual experiences in prison. Plaintiff should prepare the affidavit himself; he should not simply sign an affidavit that was prepared by another prisoner. Further, plaintiff should be aware that, under Fed. R. Civ. P. 11(b), when a party submits something to the court, he is certifying that the document "is not being presented for any improper purpose," that all factual allegations have evidentiary support or are likely to have support "after a reasonable opportunity for further investigation" and all legal contentions "are warranted by existing law or by a nonfrivolous argument" for extending current law. Any party who violates this rule may be subject to sanctions, including monetary sanctions. Thus, plaintiff should not sign any document unless he has reviewed it carefully and believes that it complies with Rule 11.

Finally, plaintiff's motion for appointment of counsel must be denied. The court's authority to recruit counsel for a party in a civil case comes from 28 U.S.C. § 1915(e)(1), which is limited to parties who are "unable to afford counsel." In this case, plaintiff paid the filing fee in full and did not submit a trust fund account statement. If he believes he is unable to afford counsel, he may file a renewed motion accompanied by a copy of his prison

5

trust fund account statement. If the settlement he received from his previous cases is not included in the statement, he should submit documentation showing the amount of his settlement.

ORDER

IT IS ORDERED that

1. Plaintiff Shaun Matz may have until December 6, 2010 to do the following:

(a) file an amended complaint that complies with Fed. R. Civ. P. 8 and 20, as described in this order; and

(b) file an affidavit or declaration in which he demonstrates that he wishes to proceed with this case and that all the allegations in the amended complaint reflect his actual experiences in prison.

2. If plaintiff does not respond by December 6, 2010, the clerk of court is directed to close the case.

3. Plaintiff's motion for appointment of counsel, dkt. #3, is DENIED for his failure

6

to show that he is unable to afford counsel.

    Entered this16th day of November, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge