IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAUN MATZ,

                                                              ORDER

               Plaintiff,

                                            10-cv-668-slc[1]

    v.

DR. VANDENBROOK, DR. KURT SCHWEBKE,
DR. NELSON, CPT. SEAN SALTER,
LT. LANE, LINDA FAIT, C.O. TRAVIS
BIDDLEMAN, C.O. VASOS and
C.O B. NEUMAIER,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Shaun Matz, a prisoner currently located at the Wisconsin Resource Center, is proceeding on the following Eighth Amendment claims concerning his previous incarceration at the Columbia Correctional Institution: (1) defendants Dr. Vandenbrook, C.O. Travis Biddleman, C.O. Vasos, C.O. B. Neumaier, Dr. Kurt Schwebke and Dr. Nelson knew that he was feeling suicidal, but failed to take any steps to help him; (2) defendants Lane and Salter placed him in segregation for 240 days for harming himself, even though a psychologist testified that he was mentally ill; and (3) defendants Lt. Lane and Linda Fait transferred him to the Green Bay Correctional Institution, even though they knew that he would harm himself if transferred there.

---

    [1] I assuming jurisdiction over this case for the purpose of this order.

In a November 16, 2010 order, I denied plaintiff's first motion for appointment of counsel because it was unclear whether plaintiff was unable to afford counsel, as is required under 28 U.S.C. § 1915(e)(1), because he paid the filing fee in full and did not submit a trust fund account statement. In addition, I noted that plaintiff had recently settled two similar cases regarding conditions at the Waupun Correctional Institution. Matz v. Frank, 09-cv-653-slc (W.D. Wis.); Matz v. Frank, 08-cv-491-slc (W.D. Wis.). I instructed him that if he intended to renew his motion for appointment of counsel, he would have to submit a trust fund account statement as well as documentation showing the amount of his settlement.

Now before the court is plaintiff's renewed motion for appointment of counsel. Plaintiff has included his trust fund account and information regarding his settlement. These documents show that a settlement check for $30,000 was deposited in plaintiff's trust account in late September 2010. As of November 30, 2010, plaintiff had less than $4200 in his regular trust fund account (with an additional $3000 in his release account, which is unavailable for purposes of hiring an attorney.)

There is no doubt that plaintiff lacks the ability to litigate this action himself. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (district court must consider both complexity of case and pro se plaintiff's ability to litigate it himself). This court has concluded in plaintiff's previous cases that his mental health issues would make it nearly impossible for him to effectively represent himself.

However, there are three issues that plaintiff must address before I can appoint

counsel for him in this case. First, a plaintiff seeking appointment of counsel must show that he has made reasonable efforts to find a lawyer on his own. Id. at 654. Given that plaintiff has $4200 available with which to pay a lawyer, plaintiff would have to show that he has contacted at least three attorneys and offered to pay them this amount to represent him. In his motion, plaintiff states that he contacted three attorneys and offered to pay them "8 to 10 thousand dollars" to represent him in this case, but he does not provide proof of this other than rejection letters from the lawyers that do not mention how much they were offered. (Plaintiff includes an affidavit stating that he offered these lawyers "what he could," but this does not suffice to show that he offered the lawyers the amount remaining in his trust fund account.) In order to show that he has made reasonable efforts to obtain a lawyer, plaintiff should submit copies of the letters he sent to the lawyers explaining how much money he offered to pay them or an affidavit stating under penalty of perjury how much he offered them. He will have until December 29, 2010 to do so.

Second, plaintiff's trust fund account information indicates that on October 21, 2010, plaintiff paid $5000 to attorney Robert N. Meyeroff as an "attorney retainer fee." This raises the question whether Meyeroff could represent plaintiff in this case. I will give plaintiff until December 29, 2010 to respond, explaining what the retainer was for and whether Meyeroff can represent him in this case.

Third, it is unclear whether the settlement agreement in plaintiff's previous cases in this court allows him to litigate issues of past harm similar to those raised in those cases. It does not make sense to appoint counsel for plaintiff if the settlement agreement bars him

from litigating the case. Therefore, I will give plaintiff until December 29, 2010 to submit a copy of the settlement agreement for cases nos. 08-cv-491-slc and 09-cv-653-slc.

ORDER

IT IS ORDERED that plaintiff Shaun Matz has until December 29, 2010 to submit to the court the following information:

(a) copies of the letters he sent to lawyers detailing how much money he offered to pay them or an affidavit stating under penalty of perjury how much he offered them;

(b) an explanation of the $5000 retainer fee paid to attorney Robert N. Meyeroff; and

(c) a copy of the settlement agreement for case nos. 08-cv-491-slc and 09-cv-653-slc.

Entered this 13th day of December, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge