IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAUN MATZ,

                Plaintiff,

    v.

DR. VANDENBROOK, DR. KURT SCHWEBKE,
DR. NELSON, CPT. SEAN SALTER,
LT. LANE, LINDA FAIT, C.O. TRAVIS
BIDDLEMAN, C.O. VASOS and
C.O B. NEUMAIER,

                Defendants.

ORDER

10-cv-668-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAUN J. MATZ,

                Plaintiff,

    v.

JEFF HEISE and JOHN AND JANE DOES 1-10,

                Defendants.

ORDER

10-cv-774-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a January 18, 2011 order, I granted plaintiff Shaun Matz's motion for appointment of counsel in case no. 10-cv-668-slc, a case in which plaintiff alleges that officials at the Columbia Correctional Institution failed to respond reasonably to substantial risks that he

---

[1] I am assuming jurisdiction over these cases for the purpose of issuing this order.

1

would harm himself and punished him for acts that he could not control. Now plaintiff has filed a motion for appointment of counsel in case no. 10-cv-774-slc, in which he alleges that members of the "admissions team" for the Wisconsin Resource Center violated his rights under the Eighth Amendment by refusing to place him at the center.

Unfortunately, this court does not have the resources to appoint counsel in every pro se case. The court has already appointed counsel to represent plaintiff in his two previous cases, Matz v. Frank, 09-cv-653-slc, and Matz v. Frank, 08-cv-491-slc, as well as in a pendingcase, 10-cv-668-slc. However, unlike plaintiff's previous cases, his pending cases do not involve current threats to plaintiff's health; instead, plaintiff is suing defendants for past harm. Given the court's limited resources and the fact that plaintiff is not bringing claims of current harm, I conclude that it is appropriate to limit the assistance of counsel for plaintiff to one case at a time. Cf. Balli v. Wisconsin Department of Corrections, no. 10-cv-67-bbc (W.D. Mar. 25, 2010) (appointing counsel for purpose of choosing one lawsuit out of seven in which to proceed with assistance of counsel).

Accordingly, I will give plaintiff a chance to choose whether to proceed with counsel in case no. 10-cv-668-slc or in case no. 10-cv-774-slc. Once plaintiff chooses the case in which he wants to have the assistance of counsel, he is free to ask the court to dismiss the other case without prejudice to his bringing it at some later date, at which point I will reconsider his motion for appointment of counsel.

ORDER

IT IS ORDERED that

1. Plaintiff has until February 23, 2011 to inform the court whether he wishes to proceed with counsel in case no. 10-cv-668-slc or in case no. 10-cv-774-slc.

2. Plaintiff has until February 23, 2011 to inform the court whether he wishes to voluntarily dismiss without prejudice the case in which he will not have the assistance of counsel.

Entered this 9th day of February, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge