IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAUN MATZ,

                                                                                                       ORDER

                    Plaintiff,

                                                                                                          10-cv-668-slc[1]

      v.

DR. VANDENBROOK, DR. KURT SCHWEBKE,
DR. NELSON, CPT. SEAN SALTER,
LT. LANE, LINDA FAIT, C.O. TRAVIS
BIDDLEMAN, C.O. VASOS and
C.O B. NEUMAIER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a January 18, 2011 order, I granted plaintiff Shaun Matz's motion for appointment of counsel in case no. 10-cv-668-slc, a case in which plaintiff alleges that officials at the Columbia Correctional Institution failed to respond reasonably to substantial risks that he would harm himself and punished him for acts that he could not control. The events alleged in this case took place from 2007 to 2009. The court has thus far been unable to locate counsel to represent plaintiff.

At the time plaintiff filed his complaint, he was incarcerated at the Wisconsin Resource Center, but during the pendency of this case he has been transferred back to the Columbia Correctional Institution. Now he has filed a motion for an "emergency

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

1

preliminary injunction" in which he states that his continued placement in segregation is exacerbating his mental illnesses, resulting in "increased thoughts of suicide."

There are problems with plaintiff's motion that prevent the court from considering his new allegations in the context of this case.  First, his new allegations raise claims that were not originally part of this case.  Plaintiff has been granted leave to proceed on claims of past harm for defendants' failure to respond to the risk of plaintiff harming himself and for defendants' choice to punish him for acts that he could not control.  He has not been granted leave to proceed on a claim that he is being subjected to conditions of confinement in segregation that are exacerbating his mental illnesses and raising the risk of self-harm.

To rectify this problem I would usually either consider plaintiff's new allegations as a supplement to the operative complaint or instruct plaintiff to submit an amended complaint that includes his new allegations.  However, even if I chose one of these options, plaintiff's new allegations are too vague to properly screen under 28 U.S.C. § 1915(e)(2), and it is unclear whether the new allegations could even be considered as part of this case because plaintiff does not fully explain what prison officials are responsible for keeping him in segregation—plaintiff states that "defendants" want to keep him confined in segregation but also suggests that Warden Michael Miesner and Deputy Warden Tim Duma are responsible for keeping him in segregation, but neither of these prison officials is a named defendant in this action.

In order for the court to consider plaintiff's new allegations, he will have to provide an amended complaint that includes more fully detailed allegations about his claim,

2

including:

- When he was transferred back to the Columbia Correctional Institution
- What the conditions are like in the segregation unit
- What conditions in the segregation unit make his mental illnesses worse
- Who plaintiff complained to about these conditions and the heightened risk of self-harm
- How those prison officials responded to his complaints

To the extent that plaintiff wants to bring his new claim against prison officials who are not currently named defendants in this case, he will have to add those defendants to the caption of his amended complaint.

Once the court receives plaintiff new amended complaint, I will consider whether his new claim may be considered in the current case along with his claims for past harm or will have to be considered in a new case. As plaintiff is aware from the February 9, 2011 order in this case, the court will limit the assistance of counsel for plaintiff to one case at a time. The court will continue to attempt to locate counsel for plaintiff with the understanding that plaintiff is now attempting to raise a claim about his current conditions of confinement.

ORDER

IT IS ORDERED that plaintiff Shaun Matz has until November 21, 2011 to submit

an amended complaint further detailing his conditions of confinement claim.

Entered this 1st day of November, 2011.

                                        BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge