IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAUN MATZ,

                              Plaintiff,

      v.

DR. VANDENBROOK, DR. KURT SCHWEBKE,
DR. NELSON, CPT. SEAN SALTER,
LT. LANE, LINDA FAIT, C.O. TRAVIS
BIDDLEMAN, C.O. VASOS and
C.O B. NEUMAIER,

                              Defendants.

ORDER

10-cv-668-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this pro se prisoner civil rights case, plaintiff Shaun Matz is proceeding on claims that defendants violated his rights under the Eighth Amendment by failing to treat his serious mental illness from 2007 to 2009 while he was incarcerated at Columbia Correctional Institution. In particular, plaintiff alleges that defendants failed to prevent him from engaging in acts of self harm and housed him in conditions that they knew would exacerbate his mental illness. The case is stayed while the court looks for counsel to

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

1

represent plaintiff.

Now plaintiff has filed an amended complaint that includes a new claim in which he alleges that he remains in segregation at Columbia Correctional Institution, that his placement in segregation is exacerbating his mental illness to the point that he feels suicidal and that he is not receiving any mental health treatment. I conclude that his new claim is properly joined under Fed. R. Civ. P. 18 and 20 because it is essentially the same as one of the claims on which I already have allowed plaintiff to proceed. Dkt. #13 at 10 (citing Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004) (under Eighth Amendment, "mental health needs are no less serious than physical needs"); Jones 'El v. Berge, 164 F. Supp. 2d 1096, 1116 (W.D. Wis. 2001) (when conditions of confinement "are so severe and restrictive that they exacerbate the symptoms that mentally ill inmates exhibit," this may result in cruel and unusual punishment)). The only differences are the time frame and the officials in charge of the prison at the relevant time.

The biggest question is whether plaintiff has named the appropriate defendants. In his claim challenging his placement in segregation in 2009 for 240 days, I allowed plaintiff to proceed against two defendants alleged to have imposed segregation on plaintiff as a punishment. In his new claim, plaintiff identifies nine officials as responsible, but he does not identify how they were involved in any decision to place him in segregation, keep him there or refuse to provide mental health treatment. Only one of the nine officials is a current

2

defendant in this case.

One way to deal with this problem would be to require plaintiff to file an amended complaint that includes more facts about each official's alleged personal involvement. However, it is quite possible that plaintiff does not know who is responsible for making those decisions. Further, if counsel is appointed for plaintiff, counsel will be likely to file their own amended complaint and make their own determination about the proper defendants. Thus, it would be a waste of judicial resources at this point to require plaintiff to file a more detailed complaint. Accordingly, I will allow plaintiff to proceed on this claim against defendant Kurt Schwebke, the one official who is already a named defendant. Cf. Duncan v. Duckworth, 644 F.2d 653, 655-56 (7th Cir.1981) (if prisoner does not know name of defendant, court may allow him to proceed against administrator for purpose of determining defendants' identity). Once counsel have been assigned to the case, they will be free to file an amended complaint against any defendants they believe were personally involved.

In the meantime, I urge plaintiff not to engage in further acts of self harm. He may look to suicide as the only way out of the pain he says he is experiencing, but as many others who have experienced such pain have learned, there are other ways of dealing with even the worst pain that can be effective. Plaintiff's life is valuable. I encourage him to continue to work with the mental health professionals at the institution to search out positive ways of

3

coping with his sadness.

One final comment is in order. Accompanying plaintiff's amended complaint is an affidavit of Luis Ramirez, who says that he prepared the amended complaint. In a previous case, I found that Ramirez filed a lawsuit without any factual basis and that he gave false testimony in an attempt to sustain his claim. I sanctioned Ramirez for this misconduct by prohibiting him from filing new cases on his own or anyone else's behalf until August 24, 2013. However, this sanction did not extend to "suits alleging imminent danger." <u>Ramirez v. DeLong</u>, No. 09-cv-314-bbc (W.D. Wis. Aug. 25, 2010). I am attaching a copy of that order with this decision.

Because plaintiff's new claim alleges that he is at risk of engaging in acts of self harm, I conclude that Ramirez did not violate the court order by preparing plaintiff's amended complaint. However, because of Ramirez's history of dishonesty in this court, plaintiff is advised to exercise great caution in relying on any assistance from Ramirez. Once counsel is appointed, plaintiff should not let Ramirez have any involvement in preparing any filings and he should not take any advice from Ramirez related this case.

ORDER

IT IS ORDERED that plaintiff Shaun Matz is GRANTED leave to proceed on his claim that defendant Kurt Schwebke is keeping him in conditions that exacerbate his mental

4

illness and refusing to provide mental health treatment, in violation of the Eighth Amendment. The case remains stayed pending appointment of counsel.

Entered this 21st day of November, 2011.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS A. RAMIREZ,

                Plaintiff,                      ORDER

       v.                                    09-cv-314-bbc

CURTIS DeLONG, MARK ISAACSON
and VICTOR TRIMBLE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      At the conclusion of the trial in this case on August 24, 2010, I advised plaintiff Luis Ramirez that because of his egregious conduct in this case, I would not allow him to file any new lawsuit in this court until after August 24, 2013. I imposed this sanction because of his false testimony at trial and in his deposition, his admissions on the stand that he had lied about various matters and the lack of any factual basis for his suit. I noted that he had relied upon a fraudulent "journal" purporting to be a diary prepared contemporaneously with the events that were the subject of his law suit. This prohibition extends to cases filed by plaintiff on his own behalf or on behalf of any other litigant. It does not prohibit plaintiff from filing a suit if he has factual evidence to show that he is in imminent danger of harm

6

or from filing a petition for a writ of habeas corpus. However, as I told plaintiff, if he does file a suit alleging imminent harm and his claim turns out to be untruthful, I will consider additional sanctions.

ORDER

IT IS ORDERED that Luis Ramirez is prohibited from filing any lawsuits in this court on his own or someone else's behalf until August 24, 2013. This prohibition does not apply to suits alleging imminent danger or petitions for writs of habeas corpus. The clerk of court should not docket any filings from plaintiff but should direct them to chambers for a determination that they do or do not fall under the terms of this order.

Entered this 25th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7