IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAUN MATZ,

            Plaintiff,

    v.

MICHAEL VANDENBROOK, KURT SCHWEBKE,
DR. NELSON, SEAN SALTER, LT. LANE,
LINDA FAIT, TRAVIS BITTLEMAN,
 C.O. VASOS, C.O B. NEUMAIER,
MICHAEL MEISNER, JANET NICKEL,
BRIAN BENTLION, D. MORGAN,
BYRON BARTOW and TIM DUMA,

            Defendants.

ORDER

10-cv-668-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Shaun Matz is proceeding on various claims regarding his mental health treatment at Columbia Correctional Institution. Defendants have filed a motion for summary judgment, dkt. #84, which the parties have finished briefing. However, before I can address that motion, I must address two procedural issues.

      First, plaintiff has filed a motion to strike various affidavits filed by defendants on the ground that they "bore no signatures in the Defendants' own handwriting." Dkt. #105. Instead, each of the affidavits includes a signature block with a typed signature of the affiant preceded by a "/s/." Plaintiff acknowledges that both lawyers and "non-parties" are permitted under the court's administrative procedures to sign documents electronically, but

1

he argues that the procedures do not allow typed signatures on the affidavits of parties.

Plaintiff is correct that the court's procedure on signatures does not discuss the parties themselves. It expressly permits non-parties and "filing users" (the lawyers) to sign documents electronically, but it is silent about documents drafted by parties. That was an oversight in drafting the procedures. The previous version of the procedures used the word "non-lawyers" instead of non-parties, but that was changed because some pro se parties are also "filing users." Unfortunately, the attempt to address confusion about one term led to the inadvertent omission of parties from the procedure. However, it would make no sense to impose more onerous signing requirements on parties than nonparties, so I decline to strike the parties' affidavits. The court thanks plaintiff for bringing this issue to the court's attention so that the language of the procedure can be corrected.

In reviewing the parties' summary judgment materials, I uncovered another procedural issue. Although defendants submitted many hundreds of pages of documentary evidence with their summary judgment motion, they cited almost no documentary evidence in their proposed findings of fact. Instead, they rely on their affidavits in which they apparently summarize what the documents say. I have repeatedly told counsel for defendants represented by the Wisconsin Department of Justice that this practice is not acceptable. E.g., Matthews v. Raemisch, No. 10-cv-742-bbc (W.D. Wis. Feb. 23, 2012); Wilson v. Greetan, 571 F. Supp. 2d 948, 952 (W.D. Wis. 2007). It not only violates the best evidence rule, Dugan v. R.J. Corman R. Co., 344 F.3d 662, 669 (7th Cir. 2003), but it makes the task of resolving factual disputes about the documents much more difficult.

Accordingly, I will give defendants one week to submit an amended copy of their reply to plaintiff's responses to their proposed findings of fact. Dkt. #106. The amended draft should include citations to any documents that serve as the foundation to any affidavit testimony cited in the proposed findings. If the affiant relied on documents not previously filed with the court, those documents should be submitted as well. Because plaintiff already has had an opportunity to respond to the proposed findings and I am not allowing any changes other than record citations, there is no need for any additional response from plaintiff.

ORDER

IT IS ORDERED that

1. Plaintiff Shaun Matz's motion to strike, dkt. #105, is DENIED.

2. Defendants may have until August 6, 2013, to file an amended draft of their reply to plaintiff's response to their proposed findings of fact, as discussed in this order.

Entered this 30th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3