IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAUN MATZ,

                                                                              ORDER

                         Plaintiff,

                                                                         10-cv-668-bbc

      v.

MICHAEL VANDENBROOK, TRAVIS BITTLEMAN,
STEVEN VASOS and BENJAMIN NEUMAIER,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Prisoner Shaun Matz is proceeding on claims that defendants Michael Vandenbrook, Travis Bittleman, Steven Vasos and Benjamin Neumaier refused to help him when he told them that he was going to harm himself. Trial is scheduled for October 21, 2013. Defendants have filed two motions in limine: (1) to present evidence of four of plaintiff's prior convictions; and (2) to preclude evidence that defendants have been sued, disciplined or reported to a licensing agency.

       Under Fed. R. Evid. 609(a)(1)(A), a witness's criminal conviction is admissible in a civil case as evidence of the witness's character for truthfulness, subject to Fed. R. Evid. 403. If more than ten years have passed since the witness was convicted or released (whichever is later), the conviction is not admissible unless its probative value substantially outweighs the risk of unfair prejudice. Fed. R. Evid. 609(b).

       In their motion, defendants identify four convictions: one for first-degree reckless

homicide (2003-CF-5429, Milwaukee County), one for felony murder (2003-CF-5429, Milwaukee County) and two for battery (1998-CF-74, Columbia County; 1996-CF-29 Lincoln County). Defendants say that plaintiff is serving sentences for first-degree reckless homicide and felony murder, so those convictions are covered by Rule 609(a)(1)(A). Plaintiff does not argue that the convictions should be excluded under Rule 403 and he does not deny that he is serving those sentences now, so I will grant the motion as to those two convictions. In accordance with circuit law, defendants will be permitted "to reveal the title, date, and disposition of the offense." United States v. Lewis, 641 F.3d 773, 783 (7th Cir. 2011).

However, plaintiff is correct that defendants have not made any showing that it has been fewer than ten years since plaintiff was convicted of battery or released from prison on those charges and defendants do not develop any argument to the effect that the probative value of the convictions substantially outweighs any unfair prejudice to plaintiff. Accordingly, I am denying defendants' motion as to the battery convictions.

With respect to defendants' motion to exclude evidence that they have been sued, disciplined or reported to a licensing agency, plaintiff says that "at least one Defendant admitted that he had been disciplined during the course of his duties as a DOC employee." Dkt. #126 at 1. However, plaintiff does not identify the subject of the discipline or any facts showing that the discipline has any relevance to this case. Alternatively, plaintiff says that three of the defendants have been "sued for deliberate indifference before." Id. However, plaintiff does not suggest that any of these allegations resulted in a finding of

liability or even a settlement, so any probative value the allegations might have would be substantially outweighed by the unfair prejudice to defendants. Accordingly, I am granting this motion in full.

ORDER

IT IS ORDERED that

1. The motion in limine filed by defendants Michael Vandenbrook, Travis Bittleman, Steven Vasos and Benjamin Neumaier to present evidence of four of plaintiff's prior convictions, dkt. #118, is GRANTED with respect to plaintiff Shaun Matz's convictions for reckless homicide and felony murder. The motion is DENIED with respect to plaintiff's convictions for battery.

2. Defendants' motion to exclude evidence that they have been sued, disciplined or reported to a licensing agency, dkt. #118, is GRANTED.

Entered this 15th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3